UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                    Case No.  5:04-cr-36-Oc-10GRJ

HARRY KEVIN BECKER
_____/

**O R D E R**

This case is before the Court for consideration of Defendant Harry Becker's motion to dismiss the indictment (Doc. 27) and the United States' response (Doc. 40). Defendant Becker, an inmate at the United States Penitentiary at Coleman, Florida, is charged in the indictment with four counts:

> Count one - conspiracy to distribute heroin, a violation of 21 U.S.C. § 846;
> Count two - distribution of heroin, a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C);
> Count three - obtaining a controlled substance while an inmate in a federal prison, a violation of 18 U.S.C. §§ 1791(a)(2), (b)(1), (d)(1)(C); and
> Count four - providing a controlled substance to an inmate of a federal prison, a violation of 18 U.S.C. §§ 1791(a0(1), (b)(1), and (d)(1)(C).

The Defendant moves to dismiss his indictment on the ground that his due process rights under the Fifth Amendment were violated by the Government's outrageous conduct. The Government's "outrageous" conduct, according to the Defendant, was its permitting a confidential source, Mr. Eric Jones, a fellow inmate, to continue illegal gambling activities in the prison while he was assisting law enforcement in the investigation of illegal drug activity. The outrageousness of this conduct was compounded, says the Defendant, by

evidence that Jones "fooled" one of the Officers at Coleman into believing that he had discontinued his gambling operation when in fact he had not, and further, by evidence that the Government permitted Jones to retain a body recorder and drugs overnight in his cell. The Government explains that it was necessary to allow Jones to continue running his illegal gambling business so that Jones could interact with other inmates in furtherance of the investigation without arousing suspicion.

Outrageous governmental conduct may constitute a legal defense to prosecution.[1] "To succeed under this defense, the defendant must show that the challenged governmental conduct violated 'that fundamental fairness, shocking to the universal sense of justice,' mandated by the due process clause of the fifth amendment."[2] "Whether outrageous governmental conduct exists 'turns upon the totality of the circumstances with no single factor controlling' and the defense 'can only be invoked in the rarest and most outrageous circumstances.'"[3]

The Defendant has failed to show that the Government's conduct in permitting Jones to continue his illegal gambling operation was so fundamentally unfair to the Defendant as to "shock the universal sense of justice" and offend the Fifth Amendment. First, the Court rejects the Defendant's overly broad assertion that every time the Government allows an informant or other operative to engage in criminal activity it offends the Constitution. That is not the law, and to so hold would be to ignore the dictate that the Court consider the

---

[1] United States v. Haimowitz, 725 F.2d 1561, 1577 (11th Cir. 1984) (citing United States v. Russell, 411 U.S. 423 (1973)).

[2] Id. (quoting Russell, 411 U.S. at 432).

[3] Id. (quoting United States v. Tobias, 662 F.2d 381, 387 (5th Cir. Unit B. 1981)).

totality of the circumstances in determining whether the government's conduct violates the Constitution. Second, the Defendant does not explain how, under the circumstances of his case, it is constitutionally unfair for the Government to have permitted an inmate informant to continue a preexisting gambling operation as cover for a drug investigation. The Defendant has not been charged with illegal gambling, and he has not demonstrated that Jones' gambling activity has anything to do with the fundamental fairness of his indictment on unrelated drug charges. Further, the Government has done nothing more than passively tolerate Jones' activities in order to further its investigation.[4] Even if Jones was duplicitous in his dealings with the Government and even if he was permitted to keep overnight a body recorder and drugs, it would not transform the Government's lawful use of its confidential informant into conduct "shocking to the universal sense of justice." Accordingly, the Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 19th day of April, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
United States Probation Office
U.S. Pretrial Services Office
Counsel of Record
Maurya McSheehy, Courtroom Deputy
Harry Kevin Becker

---

[4] United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991) ("[P]assive tolerance . . . of a private informant's questionable conduct [is] less egregious than the conscious direction of government agents typically present in outrageous conduct challenges.") (internal quotations omitted).